# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GERALD HARRELL,**

       Petitioner,                      Case No. 93-CR-80935-DT

v.                                        HONORABLE DENISE PAGE HOOD

**UNITED STATES OF AMERICA,**

       Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

On December 21, 1993 Petitioner entered a plea of guilty to a charge of Bank Robbery for his September 7, 1993 robbery of a National Bank of Detroit branch in Detroit, MI. As a result of this guilty plea, Petitioner was sentenced in Detroit Recorders Court to 2-10 years imprisonment. On May 9, 1994, Petitioner Gerald Harrell entered a plea of guilty to one count of Bank Robbery in violation of 18 U.S.C. 2113(a) pursuant to a Rule 11 plea agreement. This robbery charge was in regards to his robbery of a Comerica Bank branch in Detroit, MI that occurred on September 9, 1993. The federal sentence of 33 months was to run concurrently with a state custody sentence that Petitioner was already serving for the National Bank of Detroit bank robbery charge.

On July 14, 2006 Petitioner filed this instant action for a writ of *coram nobis* pursuant to 28 U.S.C.1651 (A). Petitioner claims that he is entitled to a writ of *coram nobis* to vacate his second robbery conviction for two reasons. First, Petitioner claims that he was denied due process of law as guaranteed by the Fifth Amendment because the district court failed to adjudge

both robberies as part of the same crime. Second, Petitioner claims that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment where his attorney failed to argue that both robberies should have been consolidated.

## II. ANALYSIS

Petitioner argues that the writ of *coram nobis* is applicable in this case to vacate the second robbery charge to which he plead guilty while incarcerated. The writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases at common law. *United States v. Johnson,* 237 F.3d 751, 753 (6th Cir. 2001). The writ was suspended in civil cases pursuant to Fed.R.Civ.P. 60(b). *Id.*; *United States v. Morgan,* 346 U.S. 502, 506 (1954). The Supreme Court held that federal courts retained the power to issue the writ in criminal cases under certain circumstances based on the All Writs Act, 28 U.S.C. § 1651. *Id.* at 506. A writ of error *coram nobis* may be used to vacate a federal conviction after a defendant has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable. *Johnson*, 237 F.3d at 753. A writ of error *coram nobis* is an extraordinary writ. *Id.* at 755. It is used only to review errors of the most fundamental in character which render the proceedings themselves invalid. A defendant must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id.* The writ cannot be used by a prisoner who is still in custody, even if § 2255 relief is no longer available because the prisoner failed to file a § 2255 motion before the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act, Pub.L. No. 104-32, 110 Stat. 1214 (1996). *Id.*

Here, a writ of *coram nobis* is unavailable. Petitioner has already served his sentence,

however, he is not entitled to a writ of *coram nobis* as he has failed to satisfy the first and second prongs of the test. First, Petitioner has not demonstrated an error of fact. Petitioner argues that the court mistakenly decided that the two robberies were separate incidents. However, this is an issue of law decided by the court, not an issue of fact. Second, even if the issue of the robberies was an issue of fact, Petitioner has failed to show that the court was unaware of an error of fact at the time of trial. The court was well aware of the fact that there were two separate charges at the time of trial since he was incarcerated for the state charge when he plead to the federal charge, and the charges were set to run concurrently. Petitioner has not satisfied the test for a writ of *coram nobis* as he has not demonstrated the existence of an error of fact unknown at the time or trial. As a result, the Fifth and Sixth Amendment violations argued by Petitioner shall not be addressed by this Court.

Accordingly,

IT IS ORDERED that Petitioner's Motion pursuant to writ of error *coram nobis* [**Docket No. 14, filed July 14, 2006**] is DENIED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: November 27, 2007

I hereby certify that a copy of the foregoing document was served upon Gerald Harrell, Reg. No. 18668-039, P. O. Box 2068, United States Prison Big-Sandy, Inez, KY 41224 on November 27, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager